William ANDERSON, Robert Bacon, James Cervone, Domenic DiIulio et al., Plaintiffs,

v.

CITY OF NORTHLAKE, Defendant.

No. 78 C 1755.

United States District Court, N. D. Illinois, E. D.

Nov. 13, 1980.

Stanley H. Jakala, Berwyn, Ill., for plaintiffs.

Robert A. Novelle, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

The matter at bar is an action brought pursuant to 42 U.S.C. § 1983 by certain police officers of the City of Northlake, wherein they seek declaratory and injunctive relief for alleged violations of their constitutional rights. Subject matter jurisdiction with respect to the cause properly lies under 28 U.S.C. § 1343(3). The sole defendant herein is the City of Northlake.

The controversy in this matter arose when the Northlake City Council passed an ordinance which eliminated longevity increases from police officers' pay and changed their rate of overtime compensation. The plaintiffs contend that said ordinance is unconstitutional.

Presently before the court is the plaintiffs' motion for summary judgment. Rule 56(a), Fed.R.Civ.P. This motion of the plaintiffs will, for the reasons stated below, be denied. Also, although the defendant has not formally cross-moved for such, summary judgment will be entered in favor of the City of Northlake.[1] *See Watkins Motor Lines, Inc. v. Zero Refrigerated Lines*, 381 F.Supp. 363 (N.D.Ill.1974), *aff'd*, 525 F.2d 538 (7th Cir. 1975).

In the matter at bar those facts material to the plaintiffs' cause do not appear to be in dispute. As was noted above, the controversy herein revolves around an ordinance passed by the City Council of the City of Northlake, to become effective on January 9, 1978, which eliminated longevity increases and changed the rate of overtime pay for the Northlake police force. Longevity pay had originally been established in a 1966 ordinance which provided that all City of Northlake employees were to be given a two percent longevity raise during their fifth, sixth and seventh years of employment. Prior to the January, 1978 ordinance, overtime pay had apparently been

---

1. A court, when ruling upon a motion for summary judgment, may if the situation at bar reasonably allows for such to be done properly render summary judgment in favor of a non-moving party, even when no formal cross-motion has been made by such party under Rule

56. 10 C. Wright and A. Miller, *Federal Practice and Procedure*, § 2720; *Watkins Motor Lines, Inc. v. Zero Refrigerated Lines*, 381 F.Supp. 363 (N.D.Ill.1974), *aff'd*, 525 F.2d 538 (7th Cir. 1975).

based upon custom and practice, as supplemented by periodic memoranda issued by the Chief of Police. One such memorandum, dated August 19, 1974, directed that the City Treasurer compensate all members of the Northlake Police Department at the rate of time and one–half for overtime work.

The plaintiffs claim that the ordinance in question is unconstitutional for three reasons: (a) because it purportedly deprives them of a protected property interest, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; (b) because it impermissibly impairs a contractual obligation owed by the City to the police officers, in violation of the Contract Clause; and (c) because the ordinance constitutes an *ex post facto* law. Of most significance with respect to these contentions is the question of whether the plaintiffs had any protected property interest in the continued receipt of longevity pay increases and time and one–half overtime compensation. In this regard, the issue presented is whether, under Illinois law, the above–noted 1966 ordinance and/or 1974 memorandum created in the plaintiffs a protected property interest which was violated by passage of the 1978 ordinance.

■ For due process purposes, to have a cognizable property interest in governmental benefits it is not enough that the claimant has a demonstrated need for such benefits; rather he must have a legitimate claim of entitlement to them. *Confederation of Police v. City of Chicago*, 481 F.Supp. 566, 569 (N.D.Ill.1980). Such an entitlement may stem from a state law conferring the benefit in issue, or from rules or mutually explicit understandings which would support the claim presented. *Id.* at 569. Regarding this question, the plaintiffs claim that the 1966 ordinance and 1974 memorandum both are sufficient support for a claim of entitlement. The sufficiency of this contention, however, must be decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

■■ Under Illinois law, it is well settled that public employees do not have a property interest in the continued application of any specific rate or method of compensation. *Chicago Patrolmen's Ass'n v. City of Chicago*, 56 Ill.2d 503, 508, 309 N.E.2d 3 (1974). Unless it can be shown that the legislative act in issue will operate to deny to the plaintiff compensation for services rendered prior to the enactment's effective date, there can be no basis for finding that the enactment violates due process. *Jordan v. Metropolitan Sanitary District*, 15 Ill.2d 369, 155 N.E.2d 297 (1958). In the present case, under the terms of the 1978 ordinance passed by the Northlake City Council, all of the longevity increases that had accrued while the 1966 ordinance was in effect were to be prorated as of the date of repeal and added to the employee's base pay. Similarly, payment of overtime at the rate of time and one–half was to be continued until the effective date of the 1978 ordinance. That being so, under Illinois law the 1978 statute did not deprive the plaintiffs of any property rights arising from the 1966 ordinance or 1974 memorandum.

■ The 1966 ordinance and the 1974 memorandum, standing alone, thus did not create in the plaintiff police officers any property interests cognizable under the due process clause. The plaintiffs, though, also argue that, through those acts, a contractual relationship was established between the parties which created in the officers a protected property interest in the continued receipt of all of the contractually provided for benefits. If such a contractual relationship could in fact be demonstrated, the plaintiffs' argument in this respect would have merit. For the reasons stated below, however, the court finds that no valid contract existed between the parties.

■ To determine whether a contract existed between the parties, the 1966 ordinance and the 1974 memorandum both must be examined. As to whether the 1966 ordinance gave rise to such a contractual relationship, the rules of statutory construction must be applied. *See City of East St. Louis v. Union Electric Co.*, 37 Ill.2d 537, 229

N.E.2d 522 (1967). Whether a statute creates contractual rights is to a great extent dependent upon the language used. *In re Application of Skidmore*, 75 Ill.2d 33, 25 Ill.Dec. 634, 387 N.E.2d 290 (1979). When the legislative act in question is one fixing salaries for public employees, however, there is a presumption that the statute was not meant or intended to create private contractual rights, but rather was intended merely to' declare a policy to be pursued until the legislature declared otherwise. *Dodge v. Board of Education of Chicago*, 302 U.S. 74, 58 S.Ct. 98, 82 L.Ed. 57 (1937). *See also Crumpler v. County of Logan*, 38 Ill.2d 146, 230 N.E.2d 211 (1967). In the case at bar, this presumption is supported by two factors. The first is an affidavit of the Northlake City Attorney, submitted by him in his capacity as author of the 1966 ordinance, wherein he states that, in passing said ordinance, the City of Northlake never intended to confer to its employees any private contractual rights. The accuracy of this statement, it should be noted, has not in any way been challenged or refuted by the plaintiffs.

Also supportive of the aforementioned presumption is the language of the statute itself. The 1966 ordinance was entitled "An Ordinance Establishing the Personnel Policy for the City of Northlake, Illinois." Its stated purpose was to set forth a uniform policy concerning Northlake personnel to better permit sound administration of the government. This language, rather than evidencing an intent by the City to enter into a binding contract, appears much more to conform to the *Dodge* Court's presumption that legislation of this type is in most instances only a policy statement.

From the above, it thus must be concluded that, because the requisite intent was lacking, no contract between the parties was created by the 1966 ordinance. Regarding the 1974 memorandum, although it was not a legislative act, the determination of whether that document created legally enforceable contractual rights in the plaintiffs requires resolution of the same issue; i. e. whether the parties, by this action, intended that a contract be created. *Unit-ed States v. O. Frank Heinz Construction Co.*, 300 F.Supp. 396, 399 (S.D.Ill.1969).

When the essential facts are not in dispute, the question of the existence of a contract is solely one of law. 300 F.Supp. at 399. From the facts in this matter, it does not appear reasonable to conclude that the City of Northlake intended for the 1974 memorandum to constitute a binding agreement. That document, for example, was only one of several such memoranda that had been issued from time to time, all apparently for budgetary considerations. Because the rate of overtime compensation had been altered on several occasions in the past, the fact that the memorandum in question did not set forth any period of duration also is noteworthy. The plaintiffs, in addition, have not presented any viable reasons for concluding that this particular memorandum was intended to be contractually binding, when other such memoranda clearly had not been so intended.

If the City lacked the intent to create a contract through the use of the formal ordinance procedure, it is difficult to imagine that this intent was present in the issuing of an informal periodic memorandum. That such a conclusion is proper is supported by the aforementioned affidavit of the Northlake City Attorney—an affidavit which has gone unanswered by plaintiffs—where he again states that the City had no contractual intent.

From the facts before the court, it thus must be concluded both that the City of Northlake, in issuing the 1974 memorandum, never intended to enter into a contract with plaintiffs, and that no valid or enforceable contract ever existed. Since no contract existed between the parties, the plaintiffs' alternative contention that the defendant, through the actions complained of, impaired its obligations under the police officers' contract (thus *violating the* Contract Clause), also cannot stand.

Finally, as the 1978 ordinance did not make criminal that which was an innocent act before its passage, it does not constitute *ex post facto* law. *See United*

*States v. Sutton,* 521 F.2d 1385 (7th Cir. 1975).

## CONCLUSION

Under the undisputed facts of the case, the plaintiffs' theories for recovery all are contrary to the law. That being so, their motion for summary judgment is denied. Also, as the defendant is, from the facts presented, clearly entitled to judgment as a matter of law, summary judgment will be entered for the City of Northlake.

IT IS SO ORDERED.