No. 84-85

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

E. ROY HUTCHIN,

Petitioner and Appellant,

-vs-

THE STATE OF MONTANA, acting
by and through its Deptartment
of Fish, Wildlife and Parks,

Respondent and Respondent.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable J. M. Salansky, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Murphy, Robinson, Heckathorn & Phillips; Donald R.
Murray, Kalispell, Montana

For Respondent:

James E. Gardner, Board of Personnel Appeals,
Helena, Montana
Stan Bradshaw, Dept. of Fish, Wildlife & Parks,
Helena, Montana

Submitted on Briefs:   May 17, 1984

Decided:   October 16, 1984

Filed:   OCT 16 1984

Ethel M. Harrison
—————————————————————————
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

E. Roy Hutchin appeals from a final order of the District Court, Eleventh Judicial District, Flathead County, affirming the final order of the Board of Personnel Appeals respecting an employment dispute between Hutchin and the Department of Fish, Wildlife and Parks.

Prior to November 2, 1978, Hutchin had been employed by the Department as a Park Manager I employee. His job included some duties as ex officio game warden in the Blackfoot River area, and he was housed in the accommodations in the Lubrecht Forest headquarters.

On November 2, 1978, Hutchin was discharged from his employment because he and a fellow employee used a state-owned vehicle to transport the fellow employee to a hunting area, and to carry back to the Lubrecht Forest headquarters an elk which the fellow employee had killed. Hutchin's discharge was reviewed by the Department, which approved the discharge. Thereupon, Hutchin sought relief from other state agencies and eventually filed a grievance with the Board of Personnel Appeals.

A hearing examiner for the Board of Personnel Appeals determined that the discharge was proper. Hutchin appealed this determination to the Board itself which reversed the recommendation of the hearing examiner. The Board found that although the Department had discharged Hutchin by reason of the provisions of section 2-17-423, MCA, which forbids personal use of state-owned property, nevertheless, the Department had never adopted regulations nor advised Hutchin as to what constitutes authorized or official use of a vehicle as opposed to unauthorized or unofficial use thereof.

The Board further found that the Department had not consistently interpreted and enforced section 2-17-423, because of other instances of unauthorized use of state vehicles in which the perpetrators were not punished by the Department.

The order of the Board of Personnel Appeals of February 23, 1981, directed that Hutchin "be reinstated as of the date of this final order to the position he held with the department" at the time of his termination.

The Department advised that the position which Hutchin had formerly held had been filled and was not available, and asked for a clarification of the order. In the meantime, Hutchin had appealed the decision of the Board of Personnel Appeals to the District Court. On January 21, 1981, the District Court remanded the matter to the Board of Personnel Appeals for further determinations. Accordingly, the Board of Personnel Appeals, in an order dated March 17, 1982, determined to amend its earlier order to provide that the petitioner was not entitled to back pay from and after November 2, 1978, nor to retroactive application of benefits, nor to advancement of grade and seniority as would have accrued if it had not been for his discharge; and further to state that its reason for such determination was that although the employee's action was a technical violation of state law, the departmental policy was so ambiguously stated that the employee was not given full notice thereof.

In addition, the Board of Personnel Appeals amended its earlier order to provide that Hutchin be reinstated as of the date of the amended order, May 28, 1981, "to his former or substantially equivalent position."

Hutchin appealed the final order of May 28, 1981, to the District Court. On November 18, 1983, the District Court adopted verbatim the proposed opinion and judgment submitted by the Department, and affirmed the final order of the Board of Personnel Appeals as amended. It is from the order of November 18, 1983, that Hutchin here appeals.

Hutchin raises these issues:

1. Hutchin should have been awarded back pay and lost employment benefits as a result of his wrongful discharge.

2. Hutchin should receive additional wages from the date of the final order until the time he was finally reemployed by the Department.

3. The Department failed to restore Hutchin to a substantially equivalent position.

4. The District Court erred in holding that under section 2-4-702, MCA, it could not "expand the relief" granted by the Board of Personnel Appeals.

5. The District Court erred in failing to conduct an evidentiary hearing to compare the positions, or to remand the question to the Board of Personnel Appeals for an evidentiary hearing.

BACK PAY

Hutchin contends that once it was determined that his discharge was wrongful, he was entitled to back pay for the time of his wrongful discharge, and all the benefits that would ordinarily accrue to him.

Any aggrieved employee of the Department of Fish, Wildlife and Parks who has exhausted the administrative remedies within the Department, is entitled to a hearing before the Board of Personnel Appeals, and any order of the

- 4 -

Board is binding upon the Department.  Section 87-1-205, MCA; section 87-1-403, MCA.

Under section 87-1-205, MCA, proceedings before the Board of Personnel Appeals are governed by sections 2-18-1011, -1012, -1013, MCA.  In effect the Board of Personnel Appeals may issue an order to the appropriate agency "requiring such action as will resolve the employee's grievance," section 2-18-1012, and either the Board or the employee may petition for the enforcement of the Board's order in District Court.  Section 2-18-1013, MCA.

It is apparent from section 2-18-1012, MCA, that if the Board of Personnel Appeals determines that the employee is aggrieved, it has full discretion to resolve the employee's grievance.

In this case the Board determined not to sustain the discharge of Hutchin because the Department of Fish, Wildlife and Parks had not articulated regulations respecting the use of state-owned vehicles, and had permitted personal use of such vehicles by others.  The Board of Personnel Appeals obviously determined that Hutchin had violated state law in the personal use of the state-owned vehicle but that under the circumstances, it was inequitable to require his discharge.  Instead the Board of Personnel Appeals determined that he should be reinstated without back pay.  It was the determination of the Board of Personnel Appeals that Hutchin's grievance could be resolved simply by reinstating him to his same or equivalent position.  The District Court and this Court are bound by that determination, lawfully within the power of the Board of Personnel Appeals.  See section 2-18-1013, MCA, infra.

BACK PAY FOR THE INTERIM PERIOD

Hutchin further contends that he is entitled to back pay from the date of the final order of the Board of Personnel Appeals, to the date that he was finally reemployed. In a proper case, this would seem to be the proper result, but here, as we shall show, there was a continuing dispute between Hutchin and the Department of Fish, Wildlife and Parks as to what constituted an equivalent position. We decline to determine that Hutchin is entitled to pay for the interim period between the final order of the Board of Personnel Appeals and his eventual reemployment by the Department of Fish, Wildlife and Parks.

COMPLIANCE BY THE DEPARTMENT WITH THE ORDER OF THE BOARD

OF PERSONNEL APPEALS

The principal issue in this case is whether the Department of Fish, Wildlife and Parks did in fact comply with the directive of the Board of Personnel Appeals to give Hutchin an equivalent position.

The parties entered into a stipulation of facts regarding what occurred following the final amended order of May 28, 1981, of the Board of Personnel Appeals. From that stipulation, these facts emerge:

On June 3, 1981, the Department offered Hutchin a grade 11 position in its Helena office, described as a graphic art technician II. On June 10, 1981, Hutchin rejected the position as not being within his expertise.

On June 19, 1981, the Department offered Hutchin a job as Parks Manager I in Miles City, Montana. Hutchin requested an extension of time to decide. The time for his response was extended to July 6, 1981. On July 4, 1981, Hutchin asked the Department to hold the position in Miles City open until

the District Court rendered its decision. On July 8, 1981, the Department, through its attorney, extended the time for response to July 22, 1981. On July 19, 1981, Hutchin requested more information on the Parks Manager I position in Miles City. On July 23, the Department responded by supplying to Hutchin's attorney a second copy of the job classification for the position and extended Hutchin's response date to August 1, 1981.

On September 10, Hutchin, in a letter, stated that he would accept the Miles City position if it was determined to be substantially equivalent to the position in which he was terminated. The parties further stipulated that the Parks Manager I position at the time of Hutchin's termination and the class specification of the Miles City position were the same. Eventually, Hutchin accepted the Parks Manager I position because of a take-it-or-leave-it letter from the Department.

The stipulation of facts indicates that the Department acted reasonably swiftly in following the order of the Board of Personnel Appeals after it had been affirmed by the District Court. There is no reason to award interim back pay to Hutchin in this cause. The stipulation of facts shows that the Department complied with the order of the Board of Personnel Appeals by restoring Hutchin to an equivalent position.

REVIEW BY THE DISTRICT COURT

Hutchin contends that the District Court in reviewing the cause pursuant to section 2-4-702, MCA, erred in holding that it was without authority to "expand the relief" granted by the Board of Personnel Appeals. This contention arose

because Hutchin contended that the District Court could award back pay in its own discretion.

The District Court, in its opinion accompanying the judgment of which is appealed from, indicated that its judicial review of the agency's decision was pursuant to the Montana Administrative Procedure Act, section 2-4-701, et seq., MCA. The court in this instance erred in its determination of the source of its power of judicial review. It was led into the error by its adoption verbatim of the proposed opinion and judgment of the Department of Fish, Wildlife and Parks.

The grievance procedure for an employee of the Department of Fish, Wildlife and Parks is governed by section 87-1-205, MCA. Under that statute, after the employee has exhausted the administrative remedies within a department, he is entitled to a hearing before the Board of Personnel Appeals as provided for in section 2-15-1705, MCA, and subject to the provisions of sections 2-18-1011 thru 2-18-1013, MCA. It is further provided in that statute that any order of the Board of Personnel Appeals is binding upon the Department.

Once the Board of Personnel Appeals has reached its decision, the power of a district court to review grievance decisions of the Board of Personnel Appeals arises under section 2-18-1013, MCA.

As we have indicated earlier, the power of a district court to review grievance decisions of the Board of Personnel Appeals arises under section 2-18-1013, MCA. That section reads as follows:

> "The Board or the employee may petition for the enforcement of the Board's order and for appropriate temporary relief and it shall file in

the District Court the record of the proceedings. Upon the filing of the petition, the District Court shall have jurisdiction of the proceeding. Thereafter the District Court shall set the matter for hearing. After the hearing, the District Court shall issue its order granting such temporary or permanent relief as it considers just and proper. No objection that has not been raised before the Board shall be considered by the court unless the failure or neglect to raise the objection is excused because of extraordinary circumstances. The findings of the Board with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive."

The foregoing section determines the power of the District Court with respect to judicial review of grievance decisions by the Board of Personnel Appeals for employees of the Department of Fish, Wildlife and Parks. It is clear from the statute that the Court is bound as to questions of fact determined by the agency, but the Court has power to "grant such temporary or permanent relief as it considers just and proper."

Unfortunately here, the procedure provided in section 2-18-1013, MCA, was not followed in District Court. The matter here was not set for hearing. The court made no findings of fact as such. We determine, however, that in any event, the result must be the same and that the District Court, if in error in its proceedings, reached the proper result. The stipulation of facts entered into between the parties here require the result that the Department of Fish, Wildlife and Parks had indeed offered Hutchin a substantially equivalent position. Under the stipulation, the job specifications for each position was the same.

EVIDENTIARY HEARING

The final contention of Hutchin is that the District Court should either have conducted an evidentiary hearing on its own or remanded the proceedings to the Board of Personnel

Appeals for an evidentiary hearing to determine if an equivalent position was offered. In the light of the stipulation, however, that would have been an empty and useless act. The parties have stipulated that the job specifications for each position are the same. The District Court could come to no other result in its determination.

The final order of the District Court, dated November 18, 1983, is therefore affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices