JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
The majority is correct that pursuant to our decision in Matter of Mead (1988), 235 Mont. 208, 766 P.2d 1300, the Board of Personnel Appeals cannot review and correct the grade assigned to a particular class. However, the majority opinion is incorrect when it concludes that our decision in Mead and Section 2-18-203, MCA, requires a determination by the Board that employees were improperly classified before retroactive pay can be awarded. Our decision in Mead did not deal with the circumstances under which retroactive pay can be awarded, and there is nothing in Section 2-18-203, MCA, which specifically links an award of retroactive pay to the Board’s decision on the issue of classification.
Furthermore, I disagree that the employees were found to be properly classified at the time they brought their appeal. The State Personnel Division’s investigation found that based upon the classes then available, Community Corrections Specialist II, Grade 12, was as good as any. However, the Department went on to acknowledge that its investigation indicated that a complete review of the classifications was necessary. That review resulted in the employees’ reclassification. It was in that reclassified posture that this case came before the Board. The Board simply determined whether the Department’s reclassification of the employees was a result of their appeal. No one has challenged the Board’s finding that there was in fact linkage between the appeal and the reclassification by the Department.
The facts in this case are not similar to the facts in Mead. In that case, the hearing examiner for the Board of Personnel Appeals recommended raising the employees’ grade level by one pay grade. The Board issued findings and conclusions adopting that recommendation and we held that the Board was without authority to entertain an appeal of a pay grade.
In this case, the Board did not issue an order changing the employees’ pay grade. No action of the Board resulted in a change in the employees’ pay grade. The employees appealed their classifications to the State Personnel Division. As a result of that appeal, the Division concluded that the classifications in question should be *516 reviewed. As a result of that review, the employees were reclassified by the Department and assigned a different grade.
All the Board did in this case was determine that based upon the employees’ reclassification, they were entitled to retroactive pay for 30 days prior to the date their appeal was filed. This is the exact relief authorized by Section 2-18-203(3), MCA. The majority opinion has placed qualifications on the award that are not found in the statute.
Our specific holding in Mead was that the Board of Personnel Appeals could not create classifications, nor assign grades within classifications. In this case, the Board’s decision to award retroactive pay was not based on its creation of any new classification. Nor was it based on the Board’s assignment of any new grade to the employees. It was based on the Board’s determination that the Division’s review of the employees’ classifications, and the Department’s subsequent reclassification of the employees, was linked to the employees’ original classification appeal to the Division.
On appeal, the Division argues, and the majority concludes, that the only issue before the Board was whether the employees should have been classified CCS III, rather than CCS II. The majority concludes that since the employees did not prevail on this issue, they were not aggrieved. However, limiting the issue presented to the Board in that manner is incorrect. At the second hearing before the Board’s hearing examiner, the parties stipulated that the issue to be decided by the hearing examiner would be:
Whether there is linkage between the wage and classification appeal of the Community Corrections Specialist II class and the class review of the Community Corrections Specialist series, and if so, does that linkage provide a basis for awarding retroactive pay.
After considering the evidence, the hearing examiner found that there was linkage. There was substantial evidence to support that finding on appeal, and no one contends that it was clearly erroneous.
Therefore, I conclude that it was not the Board which changed the employees’ grade. That grade was changed by the Department in response to the employees’ appeal. The Division, however, refused to award the retroactive pay to which the employees were entitled, based upon that reclassification. Therefore, the Board was within its authority when it considered the issue of retroactive pay on appeal. For these reasons, I would affirm the decision of the District Court.
JUSTICE HUNT concurs in the foregoing dissent of JUSTICE TRIEWEILER.