JUSTICE SHEEHY,
dissenting:
A resident worker should be paid though he is sleeping on the job, *101 where demands of work may interrupt his sleep-time. It is because he is on call, that he may not sleep at all, and it is otherwise too onerous to keep time.
At base this is a simple case, which gets lost in all of the rhetoric of the majority opinion. These employees are on the job most of the 24 hour day. The employer deducted from their pay the hours in the “overnight,” from 10:00 p.m. to 7:00 a.m. If the worker got at least five consecutive uninterrupted hours of sleep, he was compensated only for the time he was interrupted by the clients. If he did not enjoy five consecutive uninterrupted hours, he was compensated for the entire overnight. The majority opinion holds that even though the employee, sleeping or not, is at the command of his employer, and his sleep-time is given over entirely to his employer, it is not necessary for the employer to compensate the employee fully for that time. The majority opinion is akin to holding that a fireman need not be paid for the time he is at the fire station unless he is fighting fires.
To reach their indefensible result, the majority have several hurdles to clear. The first is that the district judge made no findings in this case. The majority leaped this hurdle nicely by asserting that the district judge did make findings. The record, however, belies their position.
The district judge in this case expressly relied on the findings of the hearing examiner. He relied not only on the findings of the examiner, but noted particularly findings that the examiner did not make. The district judge based his decision then upon the findings as the hearing examiner expressed them. When the district judge first issued his conclusion in a formal order, the employers moved for a new trial before the District Court. In its order denying new trial, the District Court expressly rejected the implication that he had departed from the findings of the hearing examiner. The District Court stated:
“Respondent’s brief implies this court found the findings of the hearings examiner were either totally insufficient or clearly erroneous. Additionally, it argues that we made new findings of fact. While we did comment on the hearings examiner’s failure to address certain pertinent issues, we did not hold that any of his findings were in error nor did we determine that the findings were wholly inadequate. We explicitly based our opinion on ‘. . . the facts properly found by the examiner . . .’ Specifically, respondent claims we made a factual finding that petitioners were not on duty five to eight *102 hours a day and that they were on overnight status for eight hours. To the contrary, these facts were found by the hearings examiner and made part of his findings of fact by reference. Finding of fact number 3 adopts a stipulation by the parties as to the duration and terms of the shifts worked by the petitioners. That stipulation clearly shows there was a period of time during the day where the petitioners were relieved of their duties and that they were generally on overnight status from 10 p.m. to 7 a.m.
“Respondent suggests additional findings of fact are necessary before a proper decision can be rendered in this case. We reiterate that our original opinion was based upon the findings of fact actually made by the hearings examiner. Furthermore, § 2-4-704, MCA, provides for remand for additional fact findings only if they are essential to the decision and if they■ were not made although requested. As we noted in the original decision, neither party raised exceptions to the hearings examiner’s findings of fact or questioned their sufficiency.” (Emphasis added.)
Memorandum and Order re motion for a new trial, pages 4, 5.
The majority opinion makes no reference to this clear statement of the District Court as to the facts it based its opinion on, nor does the majority opinion attempt to state the purported new findings made by the District Court outside those made by the hearing examiner.
In truth, the District Court followed carefully the rule that it is bound, as is this Court, by factual findings of the hearing examiner and stipulations by the parties. Hutchin v. State (1984), 213 Mont. 15, 688 P.2d 1257.
In Wage Appeal of Highway Patrol Officers v. Board of Personnel Appeals (1984), 208 Mont. 33, 676 P.2d 194, we upheld the District Court, stating that it had acted correctly when it merely translated the hearing examiner’s findings of fact without substituting its judgment for that of the agency on the weight of the evidence on questions of fact. That is precisely what the district judge did at bar.
These then are the facts on which the District Court acted, which were found by the hearing examiner or stipulated to by counsel and which bound not only the District Court but this Court:
“Petitioners worked as trainers or supervisors of developmentally disabled clients at groups homes between 1983 and 1985. Their work schedules varied somewhat, but generally they were required to be present at the homes 24 hours a day except for a period (anywhere from 4 to 9V2 hours) during which the clients were at a day school, *103 and during which time the trainers were free to leave the homes and do what they chose. They were ‘on duty’ (i.e., required to be actively supervising the clients) from 6:30 or 7:00 in the morning before the clients left for day school, and from the time when the clients returned until 10:00 p.m. Uniformly it seems, the trainer’s workday was suspended from 10:00 p.m. to 7:00 a.m., even though he was sometimes scheduled to begin supervising at 6:30 a.m., and even though he was generally the only trainer in the home during this period. This period was called the ‘overnight.’ If during the ‘overnight’ the trainer enjoyed at least five consecutive uninterrupted hours, he was compensated only for the time he was interrupted by the clients. If he did not enjoy at least five consecutive uninterrupted hours, he was compensated for the entire ‘overnight.’ The petitioners here, however, claim entitlement to full payment (usually at time-and-half overtime rates) for all of the ‘overnight’ time, 10:00 p.m. to 7:00 a.m. regardless of interruptions, most of which was in excess of 8 hours per day, 40 hours per week, and 80 hours per 14-day period.”
Opinion and Order on Petition for Judicial Review, District Court, page 2.
In this dissent, I rely on those facts and none other in determining what the legal results should be.
The next hurdle over which the majority stumble is the effect and applicability of the Federal Fair Labor Standards Act to the facts of this case. The majority either missed the application by the District Court of the Federal Acts, or they fail in their own interpretation.
The Fair Labor Standards Act, 29 U.S.C. § 207 is clear. It provides:
“(a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
“(j) No employer engaged in the operation of a hospital or . . . the care of the sick, the aged, or the mentally ill or defective who reside on the premises shall be deemed to have violated subsection (a) of this section if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, a work period of fourteen consecutive days is accepted in lieu of the workweek of seven consecutive days for purposes of overtime *104 computation and if, for his employment in excess of eight hours in any workday and in excess of eighty hours in such fourteen-day period, the employee receives compensation at a rate not less than one and one-half times the regular rate at which he is employed.”
The Department of Labor has issued implementing regulations which provide (29 Code of Federal Regulations § 785):
“Section 785.20 General
“Under certain conditions an employee is considered to be working even though some of his time is spent in sleeping or in certain other activities.
“Section 785.21 Less than 24-hour duty.
“An employee who is required to be on duty for less than 24 hours is working even though he is permitted to sleep or engage in other personal activities when not busy. A telephone operator, for example, who is required to be on duty for specified hours is working even though she is permitted to sleep when not busy answering calls. It makes no difference that she is furnished facilities for sleeping. Her time is given to her employer. She is required to be on duty and the time is worktime.” (Citing cases.)
With respect to the Federal Act itself, the District Court pointed out that the applicable portion was Subsection (j) of 29 U.S.C. § 207(a). The District Court concluded, correctly, that that subsection simply allows agreement where overtime compensation would be computed on the basis of an 8-hour day in a 14-day period rather than an 8-hour day in a 7-day period. The District Court further stated that the subsection did not apply here because there was no agreement beforehand between the employer and the employees. Instead, the only overtime evidence of agreement was in the “employment agreement,” exhibit 38 which provided:
“Overnight Agreement: In addition to your 40 hours per week you will also be providing overnight supervision 5 nights a week. You will be paid for any documented hours you have to be awake attending client needs.”
There is no other evidence of any agreement with respecting pay than the foregoing phrase. In making that finding, the court relied expressly on the record and it made no independent findings of its own.
Turning now to regulation § 785.21, which is quoted above, it is obvious that that regulation requires sleeptime be compensated by the employer, and since his time is given to the employer, he is working even though he is permitted to sleep.
*105 Another regulation of possible application here is § 785.22 which states:
“Section 785.22 Duty of 24 Hours or More.
“(a) General. When an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night’s sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked. (Citing cases.)
“(b) Interruptions of Sleep. If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable nights sleep, the entire period must be counted. For enforcement purposes, the Divisions have adopted the rule that if the employee cannot get at least 5 hours’ sleep during the scheduled period, the entire time is working time.” (Citing a case.)
In examining the application of § 785.22, the District Court determined that there was no finding of fact by the examiner as to an agreement to exclude the sleeping period nor a finding that the employee usually enjoyed an uninterrupted night’s sleep. Moreover, the application of the regulation is conditioned upon a prior finding that the employee “usually enjoyed an uninterrupted night’s sleep.” Without that, the District Court found that § 785.22 did not apply. Finally, the regulation applies only if the employee is on duty more than twenty-four hours.
The District Court then turned its attention to the third regulation, 29 CFR § 785.23 which follows:
“Section 785.23 Employees residing on employer’s premises or working at home.
“An employee who resides on his employer’s premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which *106 takes into consideration all the pertinent facts will be accepted. This rule would apply, for example, to the pumper of a stripper well who resides on the premises of his employer and also to a telephone operator who has the switchboard in her own home.” (Citing cases.)
The District Court was critical of the foregoing regulation, and properly so. Through the regulation, the United States Department of Labor is taking a position that “any reasonable agreement” between the employer and the employee which “takes into consideration all the pertinent facts” will overturn the basic command, of the Wages and Hours Act. The District Court said “This regulation, on its face, reduces the clear command of the statute to a plea to be reasonable.” The hearing examiner failed to make any findings of any kind that would show that the agreement between the employer and the employees here was reasonable, or that the agreement took into consideration all the pertinent facts. The District Court was correct in determining that this regulation should be cautiously applied, and only after a well-reasoned analysis by the hearing examiner that it did apply. Nothing of that sort appears in this case.
Of the three regulations which might apply, therefore, the one which directly applies, and which the District Court utilized, was 29 CFR § 785.21. The majority criticizes the District Court for utilizing this regulation although on the undisputed facts of this case it is the only regulation which is applicable. In so deciding, the District Court was making a conclusion of law; the majority state instead that he was making findings of fact; how and in what way the application by the District Court of § 785.21 is making a finding of fact is not explained in the majority opinion.
We come now to the administrative letters, the basis of the “good faith” defense. The first is a 1981 letter from Henry T. White, Jr., deputy administrator of the Wage and Hour Division of the United States Department of Labor, to representatives of privately-operated community residences for the mentally retarded. In that letter, White answered three posed questions. The questions relate (1) to employees who maintain separate residences, (2) to a clarification of the five day, eight-hour rule contained in § 785.23, and (3) to the application of § 785.21 to relief employees who come in for two or three days. The letter candidly stated that with respect to relief employees, a departure from the general rule of § 785.21 would be tolerated by the Department “because of the home-like environment afforded to these employees in community residences, with private quarters and other amenities.”
*107 The second letter was written in 1985 by Herbert J. Cohen, a deputy administrator of the same federal agency. Again the letter concerns itself with relief employees in community residences for the mentally retarded. It again stated a “special rule” for employees of community residences where they are offered by their employer “a home-like environment.”
As a Court, we should give absolutely no heed to the letters of these administrators. The conclusions in the letters fly in the face of the regulations of the Department, and the basic command of the statute relating to compensable time. If the Congress intended that a “home-like environment” could be substituted for wages in the form of money the Congress did not say so. I agree with the District Court that administrative rulings and opinions may be used to explain and clarify regulations, and may not be used to nullify them. Teamsters v. Daniel (1979), 439 U.S. 551, 99 S.Ct. 790, 58 L.Ed.2d 808.
Based on the foregoing considerations, the District Court, in its order of January 14, 1988, held that under the Federal Act as properly interpreted, the employees worked and were entitled to be compensated for “overnight” time. The employers moved the court for a new trial and brought to the attention of the District Court for the first time, the provisions of the federal “Portal to Portal Act” (PPA) and especially the provisions of 29 USC § 259(a) of the Act:
“In any action or proceeding based on any act or omission on or after May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended . . ., if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation ... is modified or rescinded . . .”
As the District Court stated, Montana does not have a state counterpart to the federal PPA. The federal law, however, does provide that if a state law would provide greater benefits to an employee respecting either minimum wages or maximum work weeks, state *108 law applies. 29 USC § 218(a). Therefore, if under PPA, the employees were barred from any relief against their employer, the provisions of the Montana Act would apply:
“Section 39-3-406(2). The provisions of 39-3-405 do not apply to:
“(q) An employee of an hospital or other establishment primarily engaged in the care of the sick, disabled, aged or mentally ill or defective who is working under a work period not exceeding 80 hours in a 14-day period established through either a collective bargaining agreement when a collective bargaining unit represents the employee or by mutual agreement of the employer and the employee where no bargaining unit is recognized. Employment in excess of 8 hours per day or 80 hours in a 14-day period must be compensated for at a rate of not less than 1V2 times the hourly wage rate for the employee.”
The foregoing statute creates an issue which is another hurdle which the majority opinion clears in the exercise of legerdemain. The majority point to § 39-3-408, MCA, which states that Montana’s law shall not apply to employees who are covered by the Fair Labor Standards Act. The majority also take note of 29 USC § 218(a) under which the federal act defers to state laws which provide greater benefits. It is obvious that §§ 39-3-405 and 39-3-406(2), MCA, provide employees of the type involved here with greater benefits since their employment is in excess of 8 hours per day per 14-day period. The majority have concluded that Montana’s superior benefits may not be recovered because of (1) the majority’s dubious interpretation of nonaction by the legislature (deriving legislative intent from nonaction), and (2) by engaging in some spurious fact finding of their own, not based on the record, that group home operators forced to pay lawful wages will curtail their services and discharge employees.
There is, however, a clear legislative intent here to which the majority close their eyes. It is the intent of the Congress, that when state law provides greater benefits to a worker, the state law should apply. That beneficent purpose should override any other consideration and should motivate this Court, as it motivated the District Court, to cite Tennessee C, I, & R Company v. Muscoda Local 123 (1944), 321 U.S. 590, 597, 64 S.Ct. 698, 703, 88 L.Ed 949, 956:
We are not here dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others. *109 Those are the rights that Congress has specially legislated to protect. Such a statute must not be interpreted or applied in a narrow, grudging manner.”
One of the great social advances of this century was the adoption by Congress of laws to protect employees so as to guarantee reasonable wages and hours in their working conditions. In the long run, it would be more advantageous to society that we refuse to allow any inroads that delimit this great social policy.
Moreover, under the interpretation by the majority of the effect of § 39-3-408, MCA, the intention of Congress that greater benefits under state law should apply would never come into effect. The decision of the majority has the effect of repealing entirely § 39-3-408 and vitiating any application of 21 USC § 218(a) to a Montana case. In holding that the employees are covered by the Fair Labor Standards Act, even though the employees can make no recovery under the Act, the majority eliminate any possibility for an employee whose job is part of commerce, to have any benefit from § 39-3-408. The duty of courts, especially an appellate court, is to give effect to statutes, not to nullify them by interpreting them out of existence. The majority remind one of the Walrus and the Carpenter, who ate the oysters they were supposed to protect.
I dissent and would affirm the decision of the District Court.
JUSTICE HUNT joins in the foregoing dissent of JUSTICE SHEEHY.