PEDERSON, APPELLANT, *v.* THOENY ET AL., RESPONDENTS.

(No. 6,715.)

(Submitted December 11, 1930. Decided December 27, 1930.]

[295 Pac. 250.]

*Messrs. Hurd & Hallett,* for Appellant, submitted a brief; *Mr. Otis A. Hallett* argued the cause orally.

*Mr. James T. Shea* and *Messrs. Kline, McKellar & Borton,* for Respondents, submitted a brief; *Mr. Shea* and *Mr. John M. Kline* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to recover damages for the conversion of a motor-truck and an undivided one-half interest in six head of cattle. The jury found in favor of plaintiff and against the defendants Ben Olson, Alice M. and J. M. Thoeny. The Honorable S. E. Paul, Judge of the Twentieth Judicial District, presided at the trial. Affidavit of disqualification was thereafter filed against him, and the Honorable C. B. Elwell, Judge of the Eighteenth District, was called in to hear the motion for new trial. A new trial was granted. Plaintiff appealed from the judgment and from the order granting the motion.

The acts of the defendants Thoeny and Ben Olson, as sheriff of Valley county, which plaintiff asserts amount to conversion, were committed by them in the process of foreclosing a chattel mortgage given by plaintiff to Alice M. Thoeny, dated September 13, 1928. Plaintiff bases his right of recovery upon the ground that the chattel mortgage was void because executed through fear, duress and undue influence. The evidence took a wide range. As the trial progressed it took the form of an action for accounting.

The record discloses the following facts: In April, 1926, plaintiff leased a farm from J. M. Thoeny for a period of five years. On October 18, 1927, plaintiff purchased a motor-truck from the Lee Motor Company, giving as security for deferred payments of $1,622.30 a conditional sale contract on the truck, and a chattel mortgage on 3,000 bushels of wheat in the granary on the Thoeny farm. Plaintiff owed E. A. Townsend some money as the purchase price of certain horses, and Townsend commenced action against him and attached the truck and wheat and took up the mortgage and bill of sale given to the Lee Motor Company. Plaintiff did not dispute this indebtedness. Defendant Thoeny paid $1,311.93 to

Townsend to secure the release of the attachment in the action brought by Townsend against plaintiff. On April 17, 1928, plaintiff and his wife, to evidence this indebtedness of $1,311.93 and an additional $300, made and executed a note in the sum of $1,611.93, payable to defendant Alice M. Thoeny (but for the benefit of J. M. Thoeny), and at the same time executed and delivered a chattel mortgage on all wheat in the granary on the Thoeny and Frank Brown farm, and on the mortgagors' cattle and their share of the crop to be grown in 1928, to secure the $1,611.93 note as well as future advances to be made, not exceeding $500; also at the same time plaintiff executed and delivered to J. M. Thoeny a bill of sale to the truck. The validity of this mortgage or bill of sale is not questioned. Plaintiff claimed, however, that he had not received all the credits on the mortgage to which he was entitled. On September 13, 1928, plaintiff and attorney Clarence H. Roberts, then representing him, met defendant J. M. Thoeny and his attorney, James T. Shea, at the Thoeny store north of Hinsdale to effect a settlement of their accounts. Mrs. Thoeny was also present a part of the time. Steps had already been taken to foreclose the mortgage of April 17. For several hours they went over the accounts between plaintiff and Thoeny and arrived at a settlement of accounts, as a result of which there was written on the back of the $1,611.93 note, the following: "Credit of $611.93 pursuant to account stated this 13th day of September, 1928, hereby given, leaving balance of $1,000.00 due with interest at 10% per annum from September 13, 1928, Alice Thoeny." At the same time a chattel mortgage was given by plaintiff to Alice Thoeny on the mortgagors' share of all the wheat raised on the Thoeny farm, on the motor-truck, and on the mortgagors' share of cattle. The mortgage was given to secure the payment of the $1,000, balance due on the $1,611.93 note and the payment of a note in the sum of $798.70, payable to the Equity Co-operative Association of Hinsdale. The mortgage recited: "The indebtedness herein described settles all accounts to date between mortgagor and mortgagee and J. M. Thoeny to date

hereof, an account stated having been arrived upon this time." The $798.70 note was one signed by plaintiff and Thoeny jointly, but represented an obligation of plaintiff. It is this mortgage that plaintiff asserts was executed through fear, duress and undue influence, and, therefore, that the taking of the property thereunder in the foreclosure proceedings constituted conversion.

Much evidence was introduced showing the various transactions between plaintiff and Thoeny, plaintiff contending that he was not allowed all the credits to which he was entitled on the mortgage of April 17 or that of September 13, defendants contending otherwise. The details of this evidence need not be here recited. To show duress, fear and undue influence respecting the execution of the mortgage of September 13, plaintiff testified: "I did not execute the mortgage under which they presumed to act as my free act and deed." He said, when it was proposed that he sign the mortgage, that he stated: "I wouldn't sign no such mortgage." He stated that Mr. Shea, counsel for J. M. Thoeny, said to him in substance that if he did not sign it, Thoeny would take possession of everything, "grain, cattle, crops and truck"; that he "could make a blind sale and drive me off from the place," and that he was told by Mr. Shea that, if he signed the mortgage, he could have possession of the truck, otherwise not. He said he signed the mortgage believing that Thoeny would take possession of everything if he did not. This was all of the evidence tending to show that the mortgage was executed through duress, fear or undue influence.

At the close of plaintiff's evidence, defendants jointly and severally moved for a nonsuit upon the ground, among others, that the evidence was insufficient to make out a cause of action. The motion was denied. In our view of the case, the correctness of the court's ruling on this motion is determinative of the merits of this appeal. If the court erred in denying the motion, the order granting a new trial was proper. Defendants contend that if plaintiff's evidence be accepted

as true, it does not establish duress, undue influence or fear justifying a finding that the mortgage was or is void.

It is, of course, elementary that consent of the parties to a contract must be free and mutual (Sec. 7473, Rev. Codes 1921), and that apparent consent is not free when obtained through duress, undue influence, menace, fraud or mistake. (Sec. 7475.) Duress, as defined by statute so far as claimed to apply here, consists in the ''unlawful detention of the property'' of a person (sec. 7477), while undue influence consists: ''1. In the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him; 2. In taking an unfair advantage of another's weakness of mind; or 3. In taking a grossly oppressive and unfair advantage of another's necessities or distress.'' (Sec. 7483.)

As above noted, when the mortgage of September 13 was executed, the mortgage of April 17 was already in process of foreclosure in the method authorized by the mortgage itself. At that time Thoeny also held the truck under a bill of sale and was entitled to retain possession of it. Plaintiff at that time held a lease on the Thoeny ranch under the terms of which Thoeny had reserved the right to sell it at any time. The grain and cattle were covered by the mortgage of April 17. In consequence, on September 13 Thoeny had a perfect right to do everything plaintiff contends he threatened to do if the mortgage was not signed. To threaten to do only those things which a person has a legal right to do under an existing contract does not constitute duress. (*Ott* v. *Pace,* 43 Mont. '82, 115 Pac. 37; 13 C. J. 399, and cases cited.) A charge of legal duress cannot be ''based on mere vexation and annoyance, mere pecuniary distress, a threat to injure one's credit or the refusal to surrender property on which one has a lien.'' (13 C. J. 397; see, also, *McCormick* v. *City of St. Louis,* 166 Mo. 315, 65 S. W. 1038; *DuPuy* v. *United States,* 35 Fed. (2d) 990.)

Neither was the evidence sufficient to show undue influence. There was no fiduciary relationship between the parties. They dealt at arm's-length. Both were represented by counsel. Both knew then everything they claim to know now. The principles of law announced in *Emerson-Brantingham Implement Co.* v. *Anderson*, 58 Mont. 617, 194 Pac. 160, so far as that case has to do with undue influence, are applicable here and refute the contention that the mortgage here was executed through undue influence. While it is alleged that the mortgage was executed because of fear, that is not ground for avoiding a contract unless the fear amounts to duress, menace or undue influence. There was no evidence of duress or undue influence, and neither was the evidence sufficient to show menace as that term is defined by section 7478, Revised Codes 1921.

There is evidence by the plaintiff, though contradicted, that he did not receive adequate consideration for the mortgage,—that he was not allowed all the credits which he was entitled to, and, therefore, did not owe the amount specified in the mortgage. Inadequacy of consideration, standing alone, is not a sufficient ground for refusing the enforcement of an agreement. (13 C. J. 365, 410.) As was said by the supreme court of the United States in *United States* v. *Child*, 12 Wall. (U. S.) 232, 244, 20 L. Ed. 360: "But no case can be found, we apprehend, where a party who, without force or intimidation and with a full knowledge of all the facts of the case, accepts on account of an unliquidated and controverted demand, a sum less than what he claims and believes to be due him, and agrees to accept that sum in full satisfaction, has been permitted to avoid his act on the ground that there is duress."

The court erred in denying the motion for nonsuit. It should be noted that defendants did not stand on their motion but proceeded to introduce evidence on their behalf. Their evidence did not cure the defects in plaintiff's case. On the contrary, Mr. and Mrs. Thoeny, their attorney, Mr. Shea, and attorney Roberts, who represented plaintiff at the time

the mortgage was executed, all testified that there were no threats made as claimed by plaintiff. There being no evidence justifying a finding that the mortgage is void, the court properly granted the motion for a new trial.

Plaintiff has assigned several errors in giving certain instructions and in refusing others. No useful purpose would be subserved in discussing the merits of these assignments. If the case is again tried, it should never go to the jury on the evidence now before us, and whether the instructions complained of will be proper on another trial will depend upon the evidence then introduced.

The order granting the new trial is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

Rehearing denied January 19, 1931.