No. 89-15

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

AVCO FINANCIAL SERVICES, formerly d/b/a
ITT FINANCIAL SERVICES,

        Plaintiff and Respondent,

  -vs-

DEBORAH H. FOREMAN-DONOVAN,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
            In and for the County of Yellowstone,
            The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Deborah H. Foreman-Donovan, pro se, Denver, Colorado

      For Respondent:

          Fred E. Work, Jr.; Work Law Firm, Billings, Montana

_____

Submitted on Briefs:  April 6, 1989

Decided:  May 2, 1989

Filed:

'89 MAY 2 AM 9 39
ED   CLERK
MONTANA   REME COURT

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Appellant Deborah H. Foreman-Donovan appeals a summary judgment granted to Avco Financial Services (Avco) in the District Court for the Thirteenth Judicial District, Yellowstone County. We affirm.

The issue is whether the District Court erred in granting summary judgment for Avco.

In November 1984, appellant and her husband executed a promissory note to Avco for $2,977.94 plus finance charges of $1,270.06. The note called for thirty-six monthly payments of $118 each and was secured by a purchase money security interest in certain furniture along with a security interest in a Ford pickup truck used in the husband's business.

In April 1986, appellant was late in two payments on the note. She went to Avco's office and asked to add these payments to the end of the contract as she claims she had been offered in the past. Avco's representative refused this request. He stated that either the three payments then due must be made within twenty-four hours or the security interest would be foreclosed. Appellant and her husband chose a third option and executed a renewal note in the amount of $2,411.02 plus finance charges of $1,296.98. This note called for thirty-six monthly payments of $103 each. Appellant claims that in late 1986 Avco again offered to and in fact did defer a payment to the end of her contract. At that time she stopped making payments on the second note.

Avco filed suit to foreclose the security against appellant and her husband in December 1986. Default judgment was taken against the husband in February 1987 and his appeal to this Court was dismissed about one year later for failure to prosecute. Appellant, a law school graduate appearing pro se, answered the

complaint. She alleged that the note was voidable at her option, filing counterclaims alleging fraud and economic duress. Avco moved for summary judgment and the motion was granted based on the briefs and affidavits filed.

Did the District Court err in granting summary judgment for Avco?

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. Appellant argues that her counterclaims raise material issues of fact concerning Avco's denial of her request to add the delinquent payments to the end of the first contract. She contends that the statement that Avco would not add delinquent payments to the end of the contract was untrue in light of Avco's offers in prior and later months to do just that. She also contends that her request was denied so as to extract greater interest payments from her by getting her to sign the renewal note. She asserts that these circumstances amount to both fraud and economic duress, so that summary judgment is not proper.

Fraud is generally a question of fact. Section 28-2-404, MCA. However, summary judgment on the issue of fraud is not precluded where the opposing party has not made out an issue of material fact for fraud. Sprunk v. First Bank Western M. Missoula (Mont. 1987), 741 P.2d 766, 44 St.Rep. 1429. The party alleging fraud must make out a prima facie case on nine elements:

1. a representation;

2. its falsity;

3. its materiality;

4. the speaker's knowledge of its falsity or ignorance of its truth;

5. the speaker's intent that it should be acted upon by the person and in the manner reasonably contemplated;

6. the hearer's ignorance of its falsity;

7. the hearer's reliance upon its truth;

8. the right of the hearer to rely upon it;

9. the hearer's consequent and proximate injury or damage.

In Gallatin Trust and Savings Bank v. Henke (1969), 154 Mont. 170, 461 P.2d 448, this Court pointed out that the mere making of a promise which the promisor fails to keep is not actionable fraud. Therefore, even taking the allegations in the light most favorable to appellant, as we must in considering a summary judgment, the withdrawal of the "promise" to add delinquent payments to the end of the first contract does not amount to fraud.

Further, appellant has not presented a prima facie case on element number 8 above, that she had the right to rely upon Avco's representation. A defrauded party has a right to rely on another's representations when the parties are not on equal footing. Sprunk, 741 P.2d at 770. The evidence here does not disclose two parties on unequal footing. Appellant was a law school graduate and was working as a law clerk for a district judge at the time this action arose. She was in as good a position as was the Avco representative to understand the parties' contractual rights and obligations.

Finally, appellant has not presented a prima facie case as to element number 9, consequent and proximate injury or damage. Avco cannot by any stretch be held responsible for appellant's predicament of being unable to make her payments on the original contract. Also, under the circumstances as alleged by appellant, Avco cannot be said to have induced her to take out a renewal note with it rather than get money from some other source.

4

Appellant's second claim of material issues of fact arises from her counterclaim alleging economic duress. She cites cases from Utah and Minnesota which she believes support her position. However, these cases are not controlling. There have been no allegations that Avco threatened to do anything other than that which it was contractually entitled to do in foreclosing the original contract for default. To threaten only those actions which one has a legal right to do under an existing contract does not constitute duress. Pederson v. Thoeny (1930), 88 Mont. 569, 575, 295 P. 250, 252. Further, Avco is not responsible for appellant's inability to make payments on the original note or to obtain money elsewhere. "It is not duress where a party is constrained to enter into a transaction . . . by force of circumstances for which the other party is not responsible." 25 Am.Jur.2d, Duress and Undue Influence, section 3, p. 357.

As the District Court stated, it was undisputed that from December of 1986 to the time of the June 1988 summary judgment, no payments were made on the second note. This clearly put appellant in breach of the contract, entitling Avco to "declare the entire unpaid balance of the note . . . immediately due and payable." We conclude that the District Court did not err in ruling that appellant failed to raise an issue of material fact precluding summary judgment for Avco.

We affirm the judgment of the District Court.

_____
Chief Justice

We concur:

_____
John C. Sheehy

_____

_____

_____
L.C. Gulbrandson
                Justices