NO.   91-271

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

MICHAEL C. BENGALA, M.D.,

       Plaintiff and Appellant,

   v.

CONSERVATIVE SAVINGS BANK,
a/k/a CONSERVATIVE SAVINGS
AND LOAN,

     Defendant and Respondent.

FILED

SEP 24 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Michael C. Bengala, Pro se, Boardman, Ohio

      For Respondent:

          Colleen E. Ambrose, Sullivan & Tabaracci, P.C.;
          Missoula, Montana


                 Submitted on briefs: August 29, 1991

                     Decided: September 24, 1991

Filed:

                       Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from a bench trial and judgment in the Fourth Judicial District Court, Missoula County. Dr. Michael C. Bengala (Plaintiff/Appellant) appeals the trial court finding that Conservative Savings Bank of Omaha, Nebraska (Defendant/Respondent) did not commit actual or constructive fraud in leasing commercial property to the plaintiff and that the plaintiff improperly invoked the lessee's remedies under § 70-26-203, MCA. We affirm.

Dr. Bengala (Bengala) entered into a three year lease agreement with Conservative Savings Bank (the Bank) and the Randel Corporation. During negotiations for the leasehold, Bengala became aware that the office building lay in a flood plain. He was informed by the Bank through its agent and property manager (Ms. Lonnie Warner), that in 1980 the basement of the building had flooded, that a berm had been constructed to minimize the risk of future flooding and that in the previous three years no flooding had occurred.

Bengala took possession of the premises October 1, 1985. In February, 1986, flooding occurred, the berm failed to protect the building, and floodwater entered Bengala's office. Ms. Warner (Warner) responded to the flood by directing the installation of a sandbag dike and by bringing in pump trucks to remove flood water from the building. Damage to Bengala's property in the office was prevented.

Warner told Bengala, on his inquiry, that the sandbag dike

2

was temporary and that the Bank would take further action to prevent the threat of future flooding. An engineering firm was hired: however, construction of a berm that would protect the property was not possible because it entailed procuring an easement that the adjacent property owner was unwilling to provide. Throughout the remainder of the year, the Bank and the engineering firm attempted to develop alternative solutions. Meanwhile, the temporary sandbag dike, later fortified with dirt, remained.

In December, 1986, Bengala withheld his rent in protest of the Bank's inaction on installation of permanent flood protection. In January, 1987, Bengala wrote the Bank that he was pursuing remedy for breach of contract in accordance with § 70-26-203, MCA, (Failure of Lessor to Repair-Lessee's Remedies), and that he intended to vacate. Bengala remained as a tenant but continued to withhold his rent.

In February, 1987, Bengala sent a letter to Warner informing her that the sidewalks in front of the office had heaved upwards and created a dangerous hazard. Warner had warning signs placed next to the walk and contacted a contractor to inspect the problem. It was determined that the cause of the upheaval was frost. When the frost subsided, the sidewalk returned to its normal state and no repairs were made.

Twice, Bengala experienced problems with the sewer system. On both occasions the Bank, through Warner, timely responded and restored the sewer to working order.

After refusing partial rent payments in April and May, the

3

Bank gave Bengala notice to pay rent or quit. Bengala then initiated this action requesting the court rescind or revise the lease on the basis of misrepresentation and failure of the Bank to remedy the flood threat and the sidewalk problem. The Bank counterclaimed that Bengala be ordered to vacate, pay back rent and penalties, pay future rent (until the space is sublet), and pay all costs and reasonable attorney's fees.

Ultimately, Bengala was found to have improperly invoked the remedies of § 70-26-203, MCA. The court ruled that no misrepresentations or other evidence of constructive fraud existed and therefore the lease was not revised or rescinded. Bengala was ordered to pay delinquent rent, and late penalties up to the time that he actually vacated (August, 1987). In addition, the Bank was awarded reasonable attorney's fees. Bengala appeals from this order.

The issues for review are:

1) Did the District Court err by not finding that the Bank committed actual or constructive fraud?

2) Did the District Court err in finding that Bengala suffered no loss of enjoyment, loss of business profits, or loss of reputation as a result of the flooding?

3) Did the District Court err when it made no finding of fact in regards to an alleged conflict of interest between the Bank and the Randel Corporation?

Bengala asserts that the Bank committed actual fraud by concealing its inability to repair the flood control structure and

4

by concealing that the sidewalk defect was a recurrent problem. Furthermore, Bengala asserts that the Bank committed constructive fraud and thereby breached a duty under the lease agreement when it failed to repair the flood control structure or the sidewalks.

Actual fraud as defined by § 28-2-405, MCA:

> ...consists in any of the following acts committed by a party to the contract or with his connivance with intent to deceive another party thereto or to induce him to enter into the contract:
> (1) the suggestion as a fact of that which is not true by one who does not believe it to be true;
> (2) the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true:
> (3) the suppression of that which is true by one having knowledge or belief of the fact;
> **(4)** a promise made without any intention of performing it; or
> (5) any other act fitted to deceive.

A prima facie case of actual fraud must include proof of a representation; its falsity; its materiality; the speaker's knowledge of its falsity or ignorance of its truth; the speaker's intent that it should be acted upon by the person and in the manner reasonably contemplated; the hearer's ignorance of its falsity; the hearer's reliance upon its truth; the right of the hearer to rely upon it: and the hearer's consequent and proximate injury or damage. AVCO Financial Services v. Foreman-Donovan (1989), 237 Mont. 260, 772 P.2d 862.

Whether or not there has been fraud in any given case is a question of fact. AVCO Financial Services, 237 Mont. at 263. Review of questions of fact in a non-jury case are governed by Rule 52(a), M.R.Civ.P., which provides in part that:

5

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

"[A] finding is 'clearly erroneous' when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed."  Steer, Inc. v. Department of Revenue of the State of Montana (Mont. 1990), 803 P.2d 601, 47 St.Rep. 2199, citing Wage Appeal of Montana State Highway Patrol Officers v. Board of Personnel Appeals (1984), 208 Mont. 33, 676 P.2d 194.

Bengala argues that the Bank failed to provide evidence that it did not conceal its inability to repair.  However, fraud can never be presumed but must be proven by a preponderance of the evidence by the party alleging the fraud.  Batten v. Watts Cycle and Marine, (1989) 240 Mont. 113, 783 P.2d 378, cert. denied, 110 S.Ct. 1826.  Bengala had the burden of proving by a preponderance of the evidence the elements as elaborated in AVCO.  The District Court finding that the evidence Bengala presented did not meet this burden is not clearly erroneous: therefore, we affirm.

Bengala contends that the Bank committed constructive fraud by failing to repair.  He relies on § 28-2-406, MCA, which states in part that constructive fraud consists in:

> (1) any breach of duty which, without an actually fraudulent intent, gains advantage to the person in fault or anyone claiming under him by misleading another to his prejudice or to the prejudice of anyone claiming under him; . , .

Bengala asserts that the Bank has breached the provision in the

lease providing that:

> The lessor shall also maintain the roof, the foundations, exterior walls and structural members of the premises and sidewalks in good condition.

Bengala contends that regardless of the Bank's explanation for failing to do so, the lease obligated the Bank to make repairs to the flood control structure and the sidewalk and they have not. Allegedly, the Bank misled Bengala that the repairs would be made but have avoided doing so and thereby saved itself the cost of repair.

The evidence is clear that the Bank acted on the sidewalk problem and was attempting to resolve the flood problem. Bengala was not made aware of the Bank's efforts until after he withheld his rent in protest. In essence, Bengala is asking the court to find an affirmative duty on the part of the Bank to provide progress reports of the repair project. Absence of these reports, Bengala contends, constitutes constructive fraud because it indicates concealment and/or misleading conduct on the part of the Bank. There is a failure of proof. The District Court's ruling that the Bank did not commit constructive fraud was not clearly erroneous and therefore is affirmed.

Nonetheless, the court did find that once Bengala vacated the office building he was no longer liable for further rent payment. Although it is not clear, it appears that the court did find a sufficient breach of contract to support absolving Bengala from future payments on the lease. Whether or not the flood control structure is covered by the lease provision requiring

7

repair, and the basis of the court's decision to absolve Bengala from future rents was not cross-appealed by the respondent and is not before this Court.

The court ruled that Bengala improperly invoked the remedies of § 70-26-203, MCA, which states:

> If within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, ... the lessee may perform such repairs himself and deduct the expenses of such repairs from the rent, or the lessee may vacate the premises, in which case he is discharged from further payment of rent...

'Dilapidation' that a landlord 'ought' to repair "are those which significantly diminish the enjoyment of the premises or substantially interfere with the purposes for which the leased premises are intended. Bunke, Inc. v. Johnson (1983), 205 Mont. 125, 666 P.2d 1234.

The record here establishes that the sidewalk settled back down and was no longer in immediate need of repair, that the sewer system functioned properly and that the Bank was making efforts to repair the flood control structure. Furthermore, Bengala did not repair the defects he complained of and deduct them from his rent, he did not vacate until August, 1987 and he did not pay rent from December 1986 until he vacated.

The District Court ruled that the premises continued to be fit for use as an office. The court found that the sandbag dike, the problems with the sewer system and the sidewalk problem did not render the building unfit for its intended use. The record indicates not only that Bengala was not entitled to invoke lessee's remedies pursuant to § 70-26-203, MCA, but also that the court

8

correctly ruled that Bengala failed to properly invoke them. Because Bengala remained a tenant and the use of his leasehold was not substantially impaired, the court properly held Bengala liable pursuant to the lease agreement. Liability included rent payments from December to August, late payment penalties and reasonable attorney's fees.

In addition, the court did not find sufficient evidence to substantiate the claim that Bengala's reputation was damaged or business profits lost. Bengala has been abundantly clear from before he entered the lease agreement that as a medical professional he places tremendous importance in maintaining a professional atmosphere. Bengala alleges that the flooding, the sidewalk and the sewer problems have all detracted from that atmosphere and consequently diminished his reputation and business profits. Bengala asserts that the court failed to appreciate the seriousness of the evidence he offered and erred in its ruling. The record does not support these claims. The District Court's findings are not clearly erroneous and therefore must be affirmed.

Bengala makes one final claim regarding the relationship between the Bank and the Randel corporation. The adjacent property owner, a successor in interest to the Randel corporation (a co-lessor) would not grant the easement necessary to build the flood control structure. It appears that Bengala is attempting to argue that the Bank unduly influenced its co-lessor to default on the adjacent property knowing that the successor in interest (a Maryland bank) would refuse to grant the easement and thereby save

9

the Bank the expense of repair.

There is no evidence on the record to substantiate such a tenuous claim. Bengala did not raise the issue of conflict of interest at trial. Its initial appearance is in his brief submitted to this Court. We will not consider an issue raised for the first time on appeal. Schaeffer v. Champion Home Builders Co. (1987), 229 Mont. 533, 747 P.2d 872, citing Rozel Corp. v. Department of Public Service Regulation (1987), 226 Mont. 237, 735 P.2d 282. The District Court did not err by failing to make a finding of fact that a conflict of interest existed.

Affirned.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

10

September **24,** 1991

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

MICHAEL C. BENGALA
P.O. Box **3371**
Boardman, Ohio  **44.513**

Colleen Ambrose
SULLIVAN & TABARACCI, P.C.
**430** Ryman
Missoula, MT  59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy