NO.   94-392

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

JEAN Y. OWENS & LARRY T. OWENS,
    Plaintiffs/Counterclaim   Defendants
        and Appellants,

       -v-

RODERICK J. McNEIL, individually;
BIOLOGICAL EXTRACTION TECHNOLOGIES, INC.:
and HESARCO, a Utah **mining** corporation,
    Defendants/Counterclaim   Plaintiffs
        and Respondents,



FILED

MAR 30 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

ROD McNEIL, d/b/a Montana Refining Research,
    Plaintiff,

       -v-

HIGH LONESOME MINING, INC.,
a Montana Corporation,
    Defendant.

APPEAL FROM:    District Court of the Third Judicial District,
            In and for the County of Powell,
            The Honorable Ted Mizner, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

       Patrick M. Springer, Kalispell, Montana

       For Respondents:

       David Dalthorp, William P. Driscoll, Gough,
       Shanahan, Johnson & Waterman, Helena, Montana

              Submitted on Briefs:  December 22, 1994

                     Decided:  March 30, 1995

Filed:

                        Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Plaintiffs Jean and Larry Owens (hereinafter Owens), appeal **from** an opinion and order of the Third Judicial District Court, Powell county, granting Defendants', Rod McNeil, for himself and for Biological Extraction Technologies and HESARCO, (hereinafter McNeil) **motion** for summary judgment. The Owens also appeal the court's denial of the motion to intervene filed by certain shareholders of High Lonesome Mining, Inc. (hereinafter HLM). **We** affirm.

The Owens, raise three issues on appeal:

**1.** Whether the District Court erred in granting McNeil's motion for summary judgment?

2. Whether the District Court erred in finding that the contract dated July 26, 1992, was a valid contract for deed?

3. Whether the District Court erred in denying the **motion to** intervene?

This is a consolidated action consisting of a quiet title **action,** which was filed by McNeil on November 12, 1992, and an **action for** unlawful detainer, which was filed by the Owens on January 27, 1993. Both actions concerned a dispute over the ownership of **a metal** refining plant, including the building, equipment and grounds (hereinafter the Deer Lodge facility)

Although this case contains many convoluted facts, the genuine issues of material fact are not in dispute. For clarity, we first address the facts relating to McNeil's involvement with the property at issue, and then set forth the Owens' involvement with the property at issue.

On July 26, 1992, Defendant, Rod McNeil, and Marty Puryer, president of HLM, entered into a written agreement whereby McNeil, acting as sole proprietor of Montana Refining Research (hereinafter MRR), agreed to purchase the Deer Lodge facility for the sum of $120,000. The terms required a $12,000 down payment, with the balance due in two years. Upon full payment of the $120,000, HLM was required to transfer full unencumbered title to the Deer Lodge facility to MRR. It is undisputed that McNeil paid the $12,000 down payment.

Jean Owens became a shareholder of HLM in July 1991, by investing $10,000 in the company. Jean Owens subsequently made two additional investments in HLM totaling $10,000. In September 1992, Ms. Owens loaned HLM $50,000, so that HLM could make payments on the Deer Lodge facility which was due under their contract with Base Metal and Energy (hereinafter BME). (HLM had contracted with BME to buy the Deer Lodge facility.)

In October of 1992, Larry Owens, a HLM shareholder, notified Jean Owens that a dispute existed concerning the ownership of the Deer Lodge facility as a result of the July 26, 1992 contract between McNeil and Puryer. Subsequently, Ms. Owens decided to take title to the Deer Lodge facility by paying the remaining amount due under HLM's contract with BME. Accordingly, HLM executed a warranty deed to Jean Owens on November 10, 1992, three months after HLM sold the property to McNeil through the July 26, 1992 contract.

McNeil filed a quiet title action on November 12, 1992, and

3

the Owens filed an unlawful detainer action on January 27, 1993. McNeil filed a motion to consolidate the two cases arguing that both cases concerned the issue of the ownership of the property. After considering the parties' briefs and arguments, the court consolidated the two cases by order dated August 19, 1993. McNeil filed a motion for summary judgment on December 30, 1993. On February 16, 1994, certain HLM shareholders filed a motion to intervene. A hearing on the motions was held April 14, 1994, and the District Court issued its opinion and order on April 14, 1994, granting McNeil's motion for summary judgment, and denying the shareholder's motion to intervene on the grounds that the motion was moot. The Owens appeal from this order.

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court's standard in reviewing a summary judgment order is the same as that utilized by the District Court. That is, we use the same criteria initially used by the District Court under Rule 56, M.R.Civ.P. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214.

## 1. SUMMARY JUDGMENT

The Owens challenge the validity of the July 26, 1992 contract alleging that HLM did not consent to enter the contract because of fraud. However, the Owens did not specifically plead or allege the elements of fraud at the District Court level.

To avoid summary judgment on the issue of contract fraud, the party alleging fraud must make out a prima facie case for each of

4

the nine elements of fraud.  Avco Financial Services v. Foreman-Donovan (1989), 237 Mont. 260, 263, 772 P.2d 862, 863-64. Here the Owens not only failed to make a prima facie case for the nine elements of fraud, but failed to raise the issue of fraud at the District Court level.  Accordingly we will not consider this issue which was raised for the first time on appeal.  Bengala v. Conservative Savings Bank (1991), 250 Mont. 101, 108, 818 P.2d 371, 375.

## 2. CONTRACT FOR DEED

The Owens claim the District Court erred in finding that the July 26, 1992 contract was a valid contract for deed.  The Owens argue that the agreement at best is an executory contract, which was intended to be formalized at a later date.  The District Court however, found that the July 26, 1992 contract met all the elements of a binding contract pursuant to § 28-2-102, MCA.  The court ruled:

> The Court has carefully reviewed the document in question and finds that there are identifiable parties capable of contracting. Plaintiffs have never contended that Puryer was not the president of HLM or that he did not have the authority to enter into the contract.  Even if it's admitted that Plaintiffs and the directors of HLM did not know that Puryer had executed the contract, it is not invalidated.  There is no proof that the consent of both parties was not freely given nor that the object and purpose of the contract was not lawful.  Finally, there is not allegation or proof that the consideration for the contract was not sufficient. McNeil has paid $12,000 on the $120,000 contract price with the balance due at a definite future date.

In addition, a contract is not invalid simply because it is executory,  if it otherwise meets the requirements of a valid contract.  An executory contract is simply a contract whose object

5

has not been fully performed.  Section 28-2-104, MCA.  Because the July 26, 1992 contract meets all of the requirements for a valid contract, we hold that the District Court did not err in concluding that the July 26, 1992 contract was a valid contract for deed

### 3. MOTION TO INTERVENE

The Owens maintain that the intervenors should have been allowed to intervene.  However, the Owens do not have standing to raise this issue on appeal.

The motion to intervene was made by attorney Terry Wallace on behalf of his clients who were not parties to the instant action. The Owens were not parties to the motion to intervene.  The intervenors did not appeal the denial of their motion to intervene, rather, the Owens attempt to do so for them.

According to Rule 1, M.R.App.P., only a party aggrieved may appeal from a judgment or order

> A party is aggrieved when it has a "direct, immediate and substantial interest in the subject which would be prejudiced by the judgment or benefitted by its reversal."  Conversely, a party who is not aggrieved by a judgment may not appeal from it.  [Citations omitted. ]

Branstetter v. Beaumont Supper Club, Inc. (1986), 224 Mont. 20, 25, 727 P.2d 933, 936.

The parties who filed the motion to intervene were the parties aggrieved by the court's denial of the motion to intervene.  The Owens were not parties to that motion and therefore cannot appeal from the court's order dismissing the motion. Accordingly we hold that the Owens do not have standing to appeal the motion to intervene.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

AFFIRMED

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

March 30, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Patrick M. Springer
Attorney At Law
Box 1112
Kalisepll MT 59903-1112

David Dalthorp
GOUGH, SHANAHAN, JOHNSON & WATERMAN
Box 1715
Helena MT 59624-1715

Jeffrey D. Ellingson
Attorney At Law
33 Second Street East
Kalisepll MT 59901

Terry Wallace
Attorney At Law
Box 4763
Missoula MT 59806-4763

David Young Payne
Attorney At Law
1245 Brickyard Road, #600
Salt Lake City UT 84106

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy